Garrett Charity (Bar #285447)
Garrett.Charity@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiff
Cassandra Arvizu

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASSANDRA ARVIZU,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendants. | Case No.: 5:21-cv-1096<br><br>**Complaint for Damages:**<br>1. **Violation of Fair Credit Reporting Act** |

Plaintiff, Cassandra Arvizu, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendant willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of San Bernardino, California.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term

is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California and has designated the following registered statutory agent: THE PRENTICE-HALL CORPORATION SYSTEM, INC (C0257078), 2710 Gateways Oaks Drive Suite 150N Sacramento, CA 95833.

5. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of California.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

8. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

9. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in San Bernardino County, California and Defendants do business in California.

11. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

### IV.   FACTUAL ALLEGATIONS

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Equifax ("Defendant") and has suffered particularized and concrete

harm.

13. Equifax is one of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

14. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

15. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

16. Plaintiff discovered an error on her Equifax credit report.

17. The February 2021 Equifax credit report lists the Plaintiff as deceased and having no credit history.

18. The Plaintiff is alive and has a credit history.

19. Defendant Equifax continues, erroneously, to report the incorrect and erroneous information.

20. The false information regarding the Plaintiff as deceased and having no credit history harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

21. The Plaintiff suffers monetary harm in being unable to qualify for a large home loan.

22. The Plaintiff suffers monetary harm in being relegated to a much smaller homes loan.

23. The Plaintiff suffers reputational harm when realtors have asked to run Plaintiff's credit and won't accept her offers on homes due to the inconsistent history of her credit report.

## PLAINTIFF'S WRITTEN DISPUTE

24. On or about February 24, 2021, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the erroneous information reporting on Plaintiff's Equifax consumer report.

25. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying information with respect to the disputed information and the accuracy of the consumer report.

26. Equifax employed an investigation process that was not reasonable and did not correct the false information regarding the information identified in Plaintiff's Equifax Dispute.

27. At no point after receiving the Equifax Dispute did Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

28. Equifax relied on its own judgment and the information, rather than grant credence to the information provided by Plaintiff.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

29. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

30. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Plaintiff reporting on Plaintiff's Equifax consumer report.

31. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

32. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

33. Defendant Equifax's conduct, action, and inaction were willful,

rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

34. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

35. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## Count II – Equifax
## Fair Credit Reporting Act Violation – 15 U.S.C. §1681(i)

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Plaintiff reporting on Plaintiff's Equifax consumer report.

38. Defendant Equifax violated 15 U.S.C. §1681i by failing to correct inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

39. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted June 30, 2021

MCCARTHY LAW, PLC

By: */s/ Garrett Charity*
Garrett Charity, Esq.
Attorneys for Plaintiff